# ELDEN *petitioner vs.* COLE.

The *Stat.* 1821, *ch.* 67, regulating reviews, does not apply to a judgment rendered in the Court of Common Pleas, upon demurrer, from which an appeal was claimed, but by mistake was not entered, the remedy, if any, being by writ of error.

THIS was a writ of *scire facias* against the petitioner, as indorser of a writ, to which he demurred specially in the court below; and the demurrer being overruled, and judgment rendered for the plaintiff, he appealed to this Court, but by mistake his appeal was not entered; for remedy of which he now applied for a writ of review.

MELLEN C. J. delivered the opinion of the Court at the following *May* term in *Kennebec*.

Elden *v.* Cole.

On examination of the petition and of the judgment complained of, it appears to have been rendered upon a special demurrer to the declaration and joinder. The decision of the Court of Common Pleas, overruling the demurrer, is considered by the petitioner as erroneous; and as, by mistake, his intended appeal from the judgment below was not entered, he prays for a review of the cause that he may have justice done him by a revision and correction of the decision of the court as to the sufficiency of the declaration. On examining our Statute of 1821, *ch.* 67, we are satisfied it was never intended to embrace such a case as this. The object was to provide a mode for an examination or a re-examination of the facts on which causes depend. It provides that on the trial upon review, either party may offer any further evidence. It speaks of an increase or diminution of damages, &c. Indeed this question has been distinctly settled in the case of *Sturdivant v. Greely & al.* 4 *Greenl.* 534. A writ of error is the proper remedy for obtaining a correction of the errors on the record, if there are any. It would be inexpedient in such a case as this to grant a review, even were it a proper course of proceeding; for after a trial on the review, a writ of error would lie, in the same manner as it will now.

*Review not granted. No costs allowed to respondent.*